IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PERRY BONIN, ACE CHANDLER, MICHAEL MANUEL, et al., *PLAINTIFFS*, | § § § § | |
| v. | § § § | CASE NO. 1:19-CV-00527 JUDGE MICHAEL TRUNCALE |
| SABINE RIVER AUTHORITY OF TEXAS, SABINE RIVER AUTHORITY OF LOUISIANA, *DEFENDANTS*. | § § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration and a recommended disposition of Defendant SRAT's "Motion for Judgment on the Pleadings" (Doc. No. 28). The court has received and considered the report and recommendation of the magistrate judge, which recommends denying SRAT's motion. Doc. No. 39. SRAT filed timely objections to the report and recommendation. Doc. No. 40. Plaintiffs have not responded to SRAT's objections, and the time for doing so has passed. FED. R. CIV. P. 72(b)(2).

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). The court has conducted a *de novo* review of the magistrate judge's report and recommendation and has carefully considered SRAT's objections. The court finds that the magistrate judge's findings and conclusions of law are correct, and that SRAT's objections are without merit.

First, SRAT insists that the case should be barred by res judicata. Doc. No. 40 at 2-5. But the magistrate judge thoroughly explained why "[r]ecent decisions from the United States Supreme

Court and the Supreme Court of Texas complicate what would otherwise be a simple application of res judicata." R. & R. at 1, Doc. No. 39. The court must apply Texas law to determine the preclusive effect of a Texas judgment. *Harmon v. Dallas Cnty.*, 927 F.3d 884, 890 (5th Cir. 2019). Under Texas law, "[r]es judicata cannot bar a claim that was not ripe at the time the first lawsuit was filed." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 706 (Tex. 2021). Before the Supreme Court decided *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), plaintiffs could not bring federal takings claims until they first had exhausted their state court remedies. "But that led to a Catch-22: plaintiffs who lost in state court were barred from pursuing Fifth Amendment takings claims in federal court under the res judicata doctrine." R. & R. at 4, Doc. No. 39. In *Knick*, the Supreme Court "unravel[ed] this snare" by overruling the state exhaustion requirement. *Id.* at 13.

Here, Plaintiffs filed their first lawsuit in state court in 2016 (pre-*Knick*). It is thus undisputed that Plaintiffs' federal takings claims were not ripe at that time because they had not yet exhausted their state court remedies. *Eagle Oil* tells us res judicata does not apply if the claim was not ripe at the time the first suit was filed. 619 S.W.3d at 706. Therefore, the magistrate judge correctly concluded that res judicata does not apply in this case.

In an attempt to avoid that clear statement of law from the Supreme Court of Texas, SRAT attempts to distinguish *Eagle Oil* on irrelevant grounds. Further, SRAT makes no attempt to distinguish *Knick*. Curiously, in eight pages of objections, SRAT does not cite to *Knick* once. But *Knick* fundamentally changed takings law, and the magistrate judge greatly relied on that decision (as well as *Eagle Oil*) when determining that res judicata did not apply. Sustaining SRAT's objection would disregard the binding precedents of not one, but two high courts, and ultimately result in the very Catch-22 that *Knick* sought to eliminate.

Second, SRAT objects to reiterate its preemption arguments. Doc. No. 40 at 5-7. In this case, Plaintiffs assert Fifth Amendment takings claims under § 1983. SRAT makes the convoluted argument that FERC operational guidelines in a license issued pursuant to the Federal Power Act can preempt the Fifth Amendment of the United States Constitution because federal takings claims incorporate state law property rights. Put simply, the court refuses to hold that a federal energy statute can preempt the United States Constitution.

Third, SRAT objects to the magistrate judge's conclusion that the court must look beyond the pleadings in order to determine whether the flood at issue constitutes an Act of God. Doc. No. 40 at 7-8. Such an evidentiary finding would likely dispose of the case because "Texas does not recognize a right to perfect flood control in the wake of an Act of God." *In re Downstream Addicks and Barker (Tex.) Flood-Control Reservoirs*, 147 Fed. Cl. 566, 577 (2020). As the magistrate judge explained, at the dismissal stage, the court cannot simply take the Defendant's word for it when SRAT says the flood was a "500-year rainfall event." *See* R. & R. at 17, Doc. No. 39. So SRAT argues that the Federal Rules of Evidence *compel* the court to take judicial notice of facts about the rainstorm contained in a Fifth Circuit opinion involving these parties. *See* FED. R. EVID. 201; *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381 (5th Cir. 2020).

At first glance, it is not clear that the court *must* take judicial notice of said "facts" because the first case—the case that went to the Fifth Circuit—never got past the dismissal stage before it was remanded back to state court. In other words, the parties had not yet presented *evidence* to the court, so the Fifth Circuit's recitation of the facts surrounding the rainstorm would have been mere summary based on the allegations in the complaint. And even if the court were obliged to take judicial notice of such "facts," the Fifth Circuit's opinion does not say what SRAT thinks it says. The Fifth Circuit never found that the flood constituted an Act of God under Texas law. In fact,

the only language SRAT could point to is the following: "In March 2016, heavy rains led to heavy water inflow into the reservoir and flooding of the Sabine River." *Id.* at 383. That is a far cry from "a 500-year rainfall event," let alone an Act of God. Therefore, the magistrate judge correctly concluded that this case should move past the dismissal stage so the court can look at evidence to determine whether the rainstorm was an Act of God under Texas law.

It is, therefore, **ORDERED** that SRAT's objections (Doc. No. 40) are **OVERRULED**; the magistrate judge's Report and Recommendation (Doc. No. 39) is **ADOPTED**. Accordingly, SRAT's "Motion for Judgment on the Pleadings" (Doc. No. 28) is **DENIED**.

**SIGNED this 2nd day of July, 2021.**

Michael J. Truncale
United States District Judge